UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-01746 BRO (MRWx) | Date | May 11, 2017 |
| Title | DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE PLAINTIFF'S MOTION TO REMAND [14]

### I.     INTRODUCTION

Pending before the Court is Plaintiff Doug Kisaka's[1] ("Plaintiff") Motion to Remand. (*See* Dkt. No. 14 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Plaintiff's Motion to Remand is **GRANTED**.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

#### A.     Factual Background

Plaintiff is a University of Southern California ("USC") alumnus and Los Angeles, California resident who brings this suit against the University of Southern California and several individuals associated with the University. (*See* Dkt. No. 13 (hereinafter, "FAC").) USC is a private university located in Los Angeles, California. (FAC ¶ 14.) Defendants Officer J. Young, Officer C. Jiminez, and Officer Josh Voyda are USC public safety officers. (FAC ¶¶ 15–17.) Defendant Carey Drayton is Chief of USC's Public Safety Department. (FAC ¶ 18.) Defendant Carol Sukow is a senior official in the Student Affairs Department of the USC Viterbi School of Engineering. (FAC ¶ 19.) Defendant Kelly Goulis is the Associate Dean of USC's Viterbi School of Engineering. (FAC ¶ 20.) Defendant Wallis Annenberg is the Chairman of USC's Board of Trustees.

---

[1] Plaintiff is proceeding *pro se*.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01746 BRO (MRWx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL. | | |

(*Id.*)  Defendant Michael Jackson is USC's Vice President of Student Affairs.  (FAC ¶ 21.)  And, finally, Defendant Jody Shipper is the Executive Director of USC's Office of Equity and Diversity.[2]  (FAC ¶ 22.)

According to Plaintiff, USC's Department of Safety racially discriminated against him.  (FAC ¶ 26.)  Specifically, Plaintiff alleges that in March 2010, USC public safety officials falsely arrested Plaintiff due to his race, causing him to spend two nights in jail.  (*See* FAC ¶¶ 3, 27, 28, 32.)  After he informed the school about this event, "[t]he university neither apologized nor responded."  (FAC ¶ 27.)  By the time the Department of Education began to investigate, Plaintiff was no longer listed as an active USC student, which he claims was a result of USC officials "surreptitiously" changing his status from an active student to a "nonstudent" to deprive the Department of Education of jurisdiction.  (*Id.*)  The Department of Education eventually dropped the investigation.  (*Id.*)  Plaintiff also details several other occurrences at a USC computer lab during which he claims he was racially profiled and singled out.  (*See* FAC ¶¶ 36–40.)  In addition, Plaintiff cites other encounters with USC public safety officials and conversations with Defendants Sukow and Goulis.  (*See* FAC ¶¶ 45–46, 48, 52–66.)  Plaintiff avers that he is now permanently banned from USC's campus, preventing him from receiving medical treatment from his USC doctors, receiving assistance from USC librarians, and contacting USC's alumni association.  (FAC ¶ 70.)

B.     **Procedural Background**

In March 2011, Plaintiff filed a complaint in this Court in a matter entitled *Doug Kisaka et al. v. University of Southern California et al.*, No. 2:11-cv-01942-BRO-MAN, making similar allegations.  After Plaintiff failed to comply with numerous court orders and deadlines, this Court dismissed his action in April 2014.  (*See Kisaka*, No. 2:11-cv-01942-BRO-MAN, ECF No. 159.)  The Court's dismissal was affirmed on appeal on August 26, 2016.  (*See Kisaka*, No. 2:11-cv-01942-BRO-MAN, ECF No. 174.)

Plaintiff then filed a Complaint in the Superior Court of California, County of Los Angeles on February 9, 2017.  (*See* Dkt. No. 1-1.)  Plaintiff's Complaint alleged eighteen causes of action: (1) race discrimination in violation of Title VI of the Civil Rights Act of 1964; (2) intentional race discrimination in violation of Title VI of the Civil Rights Act of

---

[2] The Court will refer to USC and the individual Defendants collectively as "Defendants."

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01746 BRO (MRWx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL. | | |

1964; (3) violation of the Fourteenth Amendment and 42 U.S.C. § 1981; (4) violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1981; (5) violation of 42 U.S.C. § 1981; (6) conspiracy to violate civil rights in violation of 42 U.S.C. § 1986; (7) violation of California Government Code sections 11135 and 11139; (8) violation of Article 1, section 7(a) of the California Constitution; (9) violation of Article 1, section thirteen of the California Constitution; (10) violation of California Civil Code section 52.1(b); (11) intentional infliction of emotional distress; (12) negligent infliction of emotional distress; (13) negligent and intentional infliction of emotional distress; (14) negligent employment/supervision; (15) denial of equal educational opportunity in violation of 42 U.S.C. §§ 1981, 1982, 1986, and 2000d; (16) obstruction of justice in violation of 18 U.S.C. §§ 371, 1503, and 1505; (17) destroying or concealing evidence in violation of California Penal Code section 135; and, (18) violation of California Civil Code section 3294. (*See id.*) Defendants removed the action to this Court on March 3, 2017, invoking the Court's federal question jurisdiction. (*See* Dkt. No. 1.)

      Defendants filed a Motion to Dismiss Plaintiff's Complaint on March 24, 2017. (*See* Dkt. No. 12.) On April 13, 2017, rather than opposing Defendants' Motion, Plaintiff filed a First Amended Complaint ("FAC"). (*See* FAC.) Plaintiff's FAC includes only eleven causes of action: (1) violation of California Government Code sections 11135 and 11139; (2) violation of Article 1, section 7(a) of the California Constitution; (3) violation of Article 1, section thirteen of the California Constitution; (4) violation of California Civil Code section 52.1(b); (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) negligent and intentional infliction of emotional distress; (8) negligent employment/supervision; (9) violation of California Education Code section 66252; (10) destruction of evidence in violation of California Penal Code section 135; and, (11) violation of California Civil Code section 3294. (*See* FAC.) As Plaintiff no longer brings any federal claims, on April 13, 2017, he filed the instant Motion to Remand, requesting the Court remand the action to the Superior Court. (*See*

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01746 BRO (MRWx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL. | | |

Mot.)  Defendants opposed Plaintiff's Motion on April 24, 2017.[3]  (*See* Dkt. No. 16 (hereinafter, "Opp'n").)  As of the date of this order, Plaintiff has not filed a reply.[4]

## III.   LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983).  28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint.

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  The removing party, therefore, bears a heavy burden to rebut the presumption against removal.  *See id.*  "[T]he court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

//

---

[3] Defendants also filed a Motion to Dismiss Plaintiff's FAC on April 27, 2017.  (*See* Dkt. No. 17.)

[4] Plaintiff's Motion to Remand appears to include arguments that are in opposition to Defendants' first Motion to Dismiss.  (*See* Mot.)  As that Motion addresses different issues than the instant Motion and that Motion was mooted when Plaintiff filed his FAC, the Court does not consider these arguments.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01746 BRO (MRWx) | Date | May 11, 2017 |
| Title | DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL. | | |

## IV. DISCUSSION

### A. Whether the Court Should Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

Plaintiff argues that, because he has amended his Complaint and it no longer includes any federal claims, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and remand the action to the Superior Court. (*See* Mot.) Defendants argue that the Court should exercise its discretion under 28 U.S.C. § 1367(a) and maintain supplemental jurisdiction because Plaintiff is participating in forum shopping and because "the principles of economy, convenience and fairness all weigh against remand."[5] (Opp'n at 3.)

Under 28 U.S.C. § 1367(a), when a district court has original jurisdiction over an action, it also maintains "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This jurisdiction is discretionary, however. Pursuant to § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim" in four scenarios: (1) "[t]he claim raises a novel or complex issue of State law"; (2) the claim "substantially predominates" over the claims over which the court has original jurisdiction; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or, (4) there are "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). It is primarily the third scenario that Plaintiff contends applies here.

"It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In *Gibbs*, the Supreme Court explained that a federal court's supplemental jurisdiction is rooted "in considerations of judicial economy, convenience and fairness to litigants." *Id.* "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a

---

[5] Defendants do not argue—and it does not appear—that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Thus, as Plaintiff has dismissed his federal claims, supplemental jurisdiction is the only method by which this Court may exercise jurisdiction over this action.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01746 BRO (MRWx)** | Date | May 11, 2017 |
|---|---|---|---|
| Title | **DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL.** | | |

surer-footed reading of applicable law." *Id.* Specifically, the Court noted that if a plaintiff's "federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* Since *Gibbs*, however, the Supreme Court has clarified "that this statement does not establish a mandatory rule to be applied inflexibly in all cases" in which a plaintiff dismisses his federal claims before trial. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Rather, *Gibbs* "simply recognize[d] that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*

Defendants argue that in this case, these factors weigh in favor of the Court exercising supplemental jurisdiction, because Plaintiff is attempting to forum shop and because the Court has previously presided over another case with the same parties. (*See* Opp'n at 3.) As explained below, the Court disagrees.

### 1. Whether Plaintiff is Improperly Attempting to Manipulate the Forum

Defendants' first contention is that Plaintiff is participating in improper forum shopping. In *Carnegie-Mellon*, the Supreme Court explained that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the [supplemental] jurisdiction doctrine support a remand in the case." *Carnegie-Mellon*, 484 U.S. at 357. Since *Carnegie-Mellon*, however, the Ninth Circuit has treated a plaintiff's decision to eliminate his federal causes of action upon removal as a tactical decision, rather than one manipulating the forum. In *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995), the Ninth Circuit addressed the propriety of a plaintiff eliminating his federal claims upon removal in order to seek remand of the action to state court. The Ninth Circuit held that a plaintiff should not be expected to avoid filing federal claims in state court at the outset of litigation in order to avoid federal jurisdiction. *See id.* Rather, "[f]iling federal claims in state court is a legitimate tactical decision by the plaintiff." *Id.* "If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum." *Id.* If a

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01746 BRO (MRWx)** | Date | May 11, 2017 |
|---|---|---|---|
| Title | **DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL.** | | |

plaintiff chooses the state forum by "dismiss[ing] their federal claims and mov[ing] for remand with all due speed after removal," the court held that "[t]here [is] nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court." *Id.*

Thus, *Baddie* indicates that eliminating federal claims in a timely manner in order to avoid federal jurisdiction does not, on its own, suggest forum shopping; rather, it may be considered a tactical decision by the plaintiff. *See Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1121 (N.D. Cal. 2002) (noting that *Baddie* considered a timely dismissal of federal claims and motion for remand decreased the concern of "improper forum manipulation"); *see also Franklin v. Ford Motor Co.*, No. CV 16-5854-MWF (JPR), 2016 WL 7117239, at *3 (C.D. Cal. Dec. 6, 2016) ("[T]he Ninth Circuit has made clear that just as [the defendant] has the right to remove the case from state court, so too does Plaintiff have the right to adjudicate his state law claims in state court.").

Moreover, relying on *Baddie*, district courts within the Ninth Circuit have consistently "concluded that allegations of forum-shopping do not preclude remand where a defendant fails to raise other viable concerns." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013); *see Lawrence v. Provident Sav. Bank*, No. 5:16-cv-00352-SVW-MRW, 2016 WL 2979194, at *4 (C.D. Cal. May 23, 2016) ("The FAC eliminated the federal claims that originally conferred jurisdiction on this Court. Under 28 U.S.C. § 1367(c)(3), the Court now exercises its discretion to remand the supplemental state law claims. Not only do the state law claims predominate over any federal issues (as there are no longer any federal claims), but principles of comity also favor remand."); *Guzman v. Dep't of Motor Vehicles*, No. 2:15-cv-01863-KJM-CKD, 2016 WL 915835, at *2 (E.D. Cal. Mar. 10, 2016) ("Because upon amendment the only claims remaining in this action would arise under California law, and because this case remains in its early stages, remand to state court would serve the interests of convenience, comity, and fairness."); *Horne*, 969 F. Supp. 2d at 1209–10 ("Because plaintiffs subsequently filed a second amended complaint eliminating the federal claim, however, the cause of action on which the court's jurisdiction rested is now gone. Under § 1367(c), therefore, the court can properly exercise its discretion to remand the supplemental state law claims."); *Deomampo v. Wells Fargo Bank*, No. C 09-1762 PJH, 2009 WL 1764533, at *2 n.2 (N.D. Cal. June 19, 2009) ("The court notes that while the

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01746 BRO (MRWx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL. | | |

request for remand may seem to smack of forum shopping, a plaintiff does not engage in impermissible forum shopping where he amends the complaint after removal to eliminate a federal claim in order to preserve the right to litigate in state court.").

Thus, the Court finds that Plaintiff's desire to litigate in state court does not constitute improper forum shopping, but rather, a tactical decision to pursue state claims in a state forum. The fact that Plaintiff made this decision only upon removal of his action to this Court does not preclude remand. Accordingly, the Court finds that this factor does not, on its own, weigh in favor of this Court exercising jurisdiction.

### 2. Whether the Other Relevant Factors Weigh in Favor of Remand

Upon examining the other relevant factors, the Court finds that there is no reason in this case to depart from *Gibbs*'s expectation that, in most circumstances, upon the dismissal of all of a plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction. *See Wild v. City of San Diego*, No. 14cv2204 JM (MDD), 2014 WL 6388500, at *2 (S.D. Cal. Nov. 13, 2014) ("When federal claims are dismissed early in the case, courts routinely decline to exercise supplemental jurisdiction over the remaining state law claims."). Defendants argue that because the Court presided over Plaintiff's prior 2011 action and because Plaintiff's claims are without merit, judicial economy counsels in favor of the Court exercising jurisdiction. (*See* Opp'n at 3–5.)

While Plaintiff previously litigated another similar case in this Court, that case was ultimately dismissed (and affirmed on appeal) pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) on procedural grounds due to Plaintiff's failure to comply with this Court's orders and his litigative obligations. (*See Kisaka*, No. 2:11-cv-01942-BRO-MAN, ECF No. 159.) In fact, the Court never reached the merits of any of Plaintiff's claims in that case. Thus, while Defendants argue that the judicial energy spent on Plaintiff's prior proceeding counsels against remand, it does not appear that any judicial energy will be duplicated, because the Court has never addressed the claims currently before it.[6] *See Millar*, 236 F. Supp. 2d at 1119 (noting that judicial economy weighed in

---

[6] Defendants may argue that Plaintiff is estopped from bringing many of his claims based on this prior proceeding. But this argument does not render remand judicially uneconomical. This Court has never before considered such an argument; therefore, no judicial resources will be duplicated if Defendants choose to make an estoppel argument. Defendants also suggest that the Court has a "vested interest" in

| | LINK: |
|---|---|
| UNITED STATES DISTRICT COURT | |
| CENTRAL DISTRICT OF CALIFORNIA | |

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01746 BRO (MRWx)** | Date | May 11, 2017 |
|---|---|---|---|
| Title | **DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL.** | | |

favor of remand because "[t]he Court ha[d] not performed any substantive legal analysis that will need to be duplicated or re-done by the state court").

Further, while Defendants had filed a Motion to Dismiss in this action before Plaintiff filed his FAC (which became moot upon the FAC's filing), (*see* Dkt. No. 12), and have since filed another Motion to Dismiss Plaintiff's FAC, (*see* Dkt. No. 17), the Court has not yet ruled on the merits of any of the claims in this case. Therefore, these Motions—which were not and have not yet been fully briefed—do not render remand judicially uneconomical. *See Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1006 (N.D. Cal. 2013) ("Defendants have each filed motions to dismiss the [Second Amended Complaint], but the Court has not yet ruled on either motion. The trial date is not imminent and, given the novelty of the [Second Amended Complaint], this Court has not performed a substantial amount of legal analysis that would need to be repeated by the state court. There would be no significant loss of judicial economy if this action were remanded."); *see also Gilbert v. Hensel Phelps Constr. Co.*, No. C-00-3941-VRW, 2003 WL 22384773, at *3 (N.D. Cal. Sept. 30, 2003) (holding that remand was warranted under § 1367(c), even though the court had already "ruled on two motions to remand and one for summary judgment").

In addition, principles of comity weigh in favor of remand. As Plaintiff now proceeds exclusively on state law claims, "it is preferable . . . as a matter of comity (respect for our sister state institutions) for state court judges to apply state law to plaintiff's state-law claims." *Millar*, 236 F. Supp. 2d at 1120. Defendants argue that Plaintiff's state law claims are without merit and are time barred. (*See* Opp'n at 4.) But Defendants' contentions demonstrate why remand is appropriate in this case—a California state court should determine and apply its own statute of limitations to alleged violations of the California Government Code, Code of Civil Procedure, Constitution, and common law claims. *See Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988) ("[P]rinciples of comity will be well-served by allowing the state courts to resolve claims solely of state law."). "Moreover, § 1367(c) instructs that an action ought to be dismissed where issues of state law substantially predominate over the federal claims." *Franklin*, 2016 WL 7117239, at *2. Here, no federal claims remain; thus, Plaintiff's state law

---

ensuring that its April 2014 dismissal order is "respected." (Opp'n at 4.) Defendants provide no authority for this proposition and, regardless, do not explain the relevance of this "vested interest" to a § 1367(c) analysis.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01746 BRO (MRWx)** | Date | May 11, 2017 |
|---|---|---|---|
| Title | **DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL.** | | |

claims necessarily predominate. *See Horne*, 969 F. Supp. 2d at 1210 ("Because only state law claims remain, moreover, they clearly predominate over any federal issues; as a result, principles of comity also suggest that remand is appropriate.").

Finally, as to convenience and fairness, it appears that neither of these factors weigh in favor of nor against remand. Both this Court and the Superior Court are located in Los Angeles, California; thus, each are equally convenient. And while Defendants argue that it would be unfair for them to litigate this action in state court, this argument appears to be correlated to their argument regarding judicial economy. (*See* Opp'n at 4–5.) Defendants have not provided any reasons why proceeding in a state court forum would be unfair to them or will deprive them of rights provided by this Court. *See Perez*, 929 F. Supp. 2d at 1006 (finding that fairness factor did not weigh in either party's favor where "the state forum will provide just as fair a proceeding as the federal one").

Therefore, after weighing the factors of judicial economy, comity, convenience, and fairness, and considering whether Plaintiff is inappropriately manipulating the forum, the Court finds that exercising supplemental jurisdiction over Plaintiff's remaining state law claims is not appropriate in this case. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand.

### B. Plaintiff's Additional Arguments

It appears that Plaintiff also argues that Defendants' removal was procedurally defective because not all of the Defendants had been joined and served at the time the case was removed. (*See* Mot. at 4–5.) However, under 28 U.S.C. § 1447(c), a plaintiff must raise any procedural arguments supporting remand within thirty days of removal. *See* 28 U.S.C. § 1447(c). This action was removed on March 3, 2017, (*see* Dkt. No. 1), and Plaintiff did not file the instant Motion until April 13, 2017, (*see* Mot.). Thus, Plaintiff missed his thirty-day window to raise procedural defects. Moreover, as the Court grants Plaintiff's Motion on its merits, Plaintiff's procedural argument is moot.

As a final matter, Plaintiff requests that the Court sanction defense counsel for improperly removing this action. (*See* Mot. at 5–6.) The Court construes Plaintiff's request as one for attorneys' fees pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances," the Court awards attorneys' fees pursuant to 28 U.S.C. § 1447(c) "only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01746 BRO (MRWx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | DOUG KISAKA V. UNIVERSITY OF SOUTHERN CALIFORNIA USC ET AL. | | |

where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, however, Defendants properly removed the action invoking this Court's federal question jurisdiction because Plaintiff initially brought federal claims. Therefore, attorneys' fees are not warranted. To the extent Plaintiff requests a different form of sanctions, because Defendants' removal was initially proper, the Court finds no sanctions are appropriate in this case.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this action to the Superior Court of California, County of Los Angeles. The hearing currently scheduled for Monday, May 15, 2017 is hereby **VACATED**.

**IT IS SO ORDERED.**

:

Initials of Preparer    rf